.IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL DAVID CARRUTH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:14-CV-1107-WKW |
| | ) | [WO] |
| JOHN Q. HAMM, Commissioner, | ) | |
| Alabama Department of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner is under a sentence of death and is appealing the judgment dismissing his petition for habeas corpus relief (Doc. # 49). Before the court is Petitioner's Application for a Certificate of Appealability (Doc. # 51), which is construed as a motion. The motion is due to be granted in part and denied in part.

A certificate of appealability is necessary before a petitioner may pursue an appeal in a habeas corpus proceeding. 28 U.S.C. § 2253. To mandate the issuance of a certificate of appealability, a petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1983). Generally, such a showing requires something more than absence of frivolity, and it is a higher standard than the good faith requirement of 28 U.S.C. § 1915(d). *See Clements v. Wainwright*, 648 F.2d 979, 981 (5th Cir. 1981).

Based upon careful consideration, Petitioner has made a substantial showing of the denial of a constitutional right on the following issues:

(1)   Whether trial counsel were ineffective in failing to investigate and present mitigating evidence in the penalty phase (*see* Doc. # 48 at 44–51; Doc. # 51 ¶ 7);

(2)   Whether the issue concerning trial counsel's failure to present mitigating evidence in the penalty phase is procedurally barred (*see* Doc. # 48 at 44–51; Doc. # 51 ¶ 8);

(3)   Whether appellate counsel was ineffective in failing to notify Carruth that the Alabama Court of Criminal Appeals had overruled an application for rehearing and to advise Carruth of further available appellate proceedings (*see* Doc. # 48 at 86–88; Doc. # 51 ¶ 11);

(4)   Whether the issue concerning appellate counsel's failure to notify Carruth that the Alabama Court of Criminal Appeals had overruled an application for rehearing and to advise Carruth of further available appellate options is procedurally barred (*see* Doc. # 48 at 77–86; Doc. # 51 ¶ 12);

(5)   Whether appellate counsel was ineffective in failing to argue that the prosecution engaged in prosecutorial misconduct in the guilt/innocence closing argument by telling the jury that the punishments of life without the possibility of

parole or death were the punishment options and that anything else did not have those options (*see* Doc. # 48 at 183–88; Doc. # 51 ¶ 13 (partially granting)); and

(6)     Whether Carruth was deprived of his right to an impartial jury and due process of law guaranteed him by the Sixth and Fourteenth Amendments to the United States Constitution by premature jury deliberations (*see* Doc. # 48 at 158–72; Doc. # 51 ¶ 18).

Accordingly, it is ORDERED that Petitioner's Motion for a Certificate of Appealability (Doc. # 51) is GRANTED as to the six issues listed above and otherwise is DENIED.

DONE this 8th day of November, 2022.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE
